IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAS AMERICAS IMMIGRANT ADVOCACY CENTER; ASYLUM SEEKER ADVOCACY PROJECT; CATHOLIC LEGAL IMMIGRATION NETWORK, INC.; INNOVATION LAW LAB; SANTA FE DREAMERS PROJECT; and SOUTHERN POVERTY LAW CENTER**, <br><br> Plaintiffs, <br><br> v. <br><br> **DONALD J. TRUMP**, in his official capacity as President of the United States; **WILLIAM BARR**, in his official capacity as Attorney General of the United States; **U.S. DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE FOR IMMIGRAION REVIEW;** and **JAMES MCHENRY**, in his official capacity as EOIR Director of the United States, <br><br> Defendants. | Case No. 3:19-cv-02051-IM <br><br> **ORDER** |

PAGE 1 – ORDER

**IMMERGUT, District Judge.**

Before this Court is Plaintiffs' Emergency Motion for a Temporary Restraining Order pursuant to 28 U.S.C. § 1651(a), the All Writs Act. ECF 28. Plaintiffs are six organizations that provide legal services to immigrant clients. Plaintiffs seek an emergency order with respect to immigration courts nationwide for the duration of the national COVID-19 emergency or the next 28 days, whichever is shorter. ECF 28 at 39–40. The requested order would: (1) enjoin Defendants from compelling any respondent or counsel to appear in an immigration court, and from requiring any hearing to go forward without the respondent's or counsel's consent; (2) enjoin Defendants from invoking *in absentia* removal procedures; (3) require Defendants to toll all court deadlines, including for appeals, and to grant continuances when requested; (4) require Defendants to waive original signature and hard-copy document filing requirements; (5) enjoin Defendants from deeming abandoned or untimely any petition or application for relief; and (6) enjoin Defendants from holding any attorney in contempt for failing to appear because of concerns or regulations related to the COVID-19 crisis.[1] *Id.* This Court held a hearing on Plaintiffs' emergency motion on April 1, 2020.

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has described the All Writs Act as providing a federal court with "express authority . . . to issue such temporary injunctions as may be necessary to protect its own jurisdiction." *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966). Accordingly, the All Writs Act requires that there be some nexus between the relief sought in a temporary restraining order

---

[1] During the hearing, Plaintiffs' attorney alternatively requested a narrower remedy with items (1) and (5) of this list.

PAGE 2 – ORDER

and the relief sought in the Complaint. *See, e.g.*, *Al Otro Lado et al. v. Wolf et al.*, No. 19-56417, slip op. at 9 n.6 (9th Cir. Mar. 5, 2020) (holding that district court properly issued order pursuant to All Writs Act when failure to do so would "extinguish" plaintiffs' underlying claims).

In their briefing on the motion, and during the hearing, Plaintiffs argued that Defendants' continued operation of certain functions of the immigration court system during the ongoing COVID-19 pandemic will allow the virus "to spread within and throughout the immigration court system and ICE detention facilities, and then outward into the cities, states, and nation at large," thereby rendering the underlying Complaint "functionally irrelevant." ECF 28 at 36. In declarations submitted with the motion, attorneys and other individuals who work on behalf of respondents in immigration court proceedings describe how they, their clients, and their work have been placed at risk by particular immigration courts in various parts of the nation, outside of the District of Oregon, over the past several weeks. *See* ECF 29; ECF 30; ECF 31; ECF 32; ECF 33; ECF 34; ECF 35; ECF 36; ECF 37; ECF 46; ECF 48.

Plaintiffs' Complaint in this matter challenges Defendants' operation of the immigration court system as violating the Take Care Clause of the U.S. Constitution, the case-by-case adjudication standards of the Immigration and Nationality Act, and the Administrative Procedure Act. *See* ECF 1. Part of their Complaint challenges two policies that Defendants have implemented: the "Enforcement Metrics Policy" and the family-unit rapid removal track, or "FAMU Directive." *See id.* at ¶¶ 117–20. This Court recognizes that the ongoing pandemic is an extraordinary event that requires government officials to adapt to public health concerns unlike any in recent memory. However, the relief sought in Plaintiffs' motion is too attenuated from the claims alleged in the Complaint to sustain Plaintiffs' burden under the All Writs Act. Despite the

gravity of the ongoing pandemic, the relief that Plaintiffs request in their motion is not necessary to preserve this Court's jurisdiction over the Complaint.[2]

This Court must also consider equitable concerns in determining whether to grant the broad-sweeping relief Plaintiffs seek. *See* 28 U.S.C. § 1651(a) (requiring that an order under the All Writs Act be "agreeable to the usages and principles of law"). Defendants have presented evidence, both in their briefing and at the hearing, demonstrating that they have taken significant steps to reduce in-person contacts and appropriately modify immigration court functions in the wake of the COVID-19 outbreak. *See* McHenry Decl., ECF 45-1. For example, Defendant EOIR has postponed all removal hearings of non-detained individuals, allowed filing of documents by email, and permitted use of electronic signatures. *Id.* at ¶¶ 49, 68, 81, 89, 91. Moreover, although hearings remain scheduled for detained individuals, who may favor earlier hearings due to their custody status, Defendants presented evidence that attorneys or other representatives of respondents have the option of appearing by video or telephonically or, alternatively, may request a continuance due to the pandemic. *See id.* at ¶¶ 82–87. This Court observes that denials of continuances are subject to appellate review. *See id.* at ¶¶ 86–87. Plaintiffs dispute that such modified practices are occurring in every immigration court, *see, e.g.*, Corchado Decl., ECF 29 at ¶ 12, but they have not demonstrated why seeking review of individual court practices does not suffice to address practices in those particular courts.

The outbreak of COVID-19 and its evolution on a daily basis pose challenges to all courts as they continue in the administration of justice. Based on the record before this Court, at

---

[2] Defendants have raised genuine issues concerning this Court's jurisdiction over the underlying action. *See* ECF 24. The All Writs Act does not expand federal court jurisdiction. *See Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). However, this Court declines to decide this issue at present.

PAGE 4 – ORDER

this time, Plaintiffs have failed to show that the facts warrant the sweeping relief that they seek.

Therefore, Plaintiffs' motion for a temporary restraining order, ECF 28, is DENIED.

**IT IS SO ORDERED.**

DATED this 2nd day of April, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER